UNITED STATES District Court
for the Western District of Pennsylvania

United States of America,
v.
Frederick Banks,
Defendant;

IN RE: Frederick H. Banks
Amicus Curiae motions;

In re Frederick Banks
Rule 60(b) motions

Frederick Banks,
v.
United States et al., etc.;

03-CR-245

**FILED**
APR 14 2016
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

(MISC NO. 16-335)

Civ Nos 05-261, 05-594, 05-595, 05-596, 05-597, 05-598, 05-599, 05-600, 05-601, 05-602, 05-603, 05-604, 05-605, 05-606, 05-607, 05-608, 05-609, 05-610, 05-611, 05-612, 05-613, 05-614, 05-615, 05-616, 05-6, 05-1064, 05-1128, 06-1275, 06-1209, 15-1277

**Pro Se Informal Brief of Appellant, and
Notice of Appeal, and Motion for Reconsideration**

Defendant, movant, and Appellant Frederick Banks hereby gives notice to the Court and the parties that he appeals the orders of the District Court entered on or about 3/6/16 and 3/7/16 to the United States Court of Appeals for the Third Circuit. On Appeal he moves the Court to reverse and remand for errors of law and fact as follows:

1. The Court erred in failing to apply the Indian Canon of Construction of Choate v. Trapp, 224 US 665, 675 (1912) and Doney v. United States, 370 F.2d 991 (10th Cir. 1966) which states all rules, regulations, statutes, treaties and the constitution are to be construed liberally in favor of an American Indian to Banks an American Indian claims. The state defendants in 15-CV-1277 should have been dismissed without prejudice because the Court declined to exercise supplemental jurisdiction over many of those claims.

2. In denying Banks' petition for a Writ of Error Coram Nobis the Court erred as a matter of law and fact when it stated he failed to show he is suffering from continuing consequences (Banks asserted he could not hold public office, sit on a jury, vote or possess a gun), there was no remedy available at the time of trial (Banks asserted that he was deceived into believing the prior for bad checks was a conviction), sound reasons exist for his failing to seek relief earlier (Banks asserted he relied on the representations of the PSI, counsel and the government and his letter to the State court went unanswered and only by receiving discovery in a separate case did he find the error which was information he did not have access to while incarcerated), the alleged error goes to the jurisdiction of the trial court, thus rendering the trial itself invalid (Banks asserted the Court did not have jurisdiction to impose the Sentence applying the bad check conviction because that conviction did not exist.) The Court stated that the case was closed yet that matters not because there is no time limit in bring a Error Coram Nobis petition in a criminal case. The Court also cited to a prior wire fraud conviction but Banks has no prior conviction for wire fraud and even if he did it is inapposite to the issue of the trial court's subject matter jurisdiction to impose sentence in the 03-CR-245 case. The Court also erred in determining that this issue had previously been raised by objection as a challenge to the ...

Exhibit A

Banks just learned that there never was a prior bad checks conviction as that case was withdrawn. See petition for a Writ of Error Coram Nobis at 03-cr-245. Additionally, the Court erred in denying the petition without ordering a reply from the government and without holding a hearing when new additional information regarding the existence of a prior bad checks conviction was a material fact that was in dispute. The burden was on the government to prove that a prior bad checks conviction existed. The Indian Canon was never applied by the court to the facts and law of this case when it knew that Banks is an American Indian.

3. The Court erred as a matter of law and fact in both failing to allow for the filing of Banks Amicus Curiae Motion to Sua Sponte Disclose CIA Electronic Surveillance under 50 USC §1806(f) and in failing to apply the provisions of the statute to the facts. See Choate, supra (all statutes are liberally construed); Accord Doney, supra. 1806(f) states that an aggrieved person may make a motion to a District Judge seeking it to order the government to disclose surveillance and when made the surveillance must be disclosed. The Indian Canon construes the statute in favor of Banks and despite the Indian Canon 1806(f) is mandatory. Thus, even if Banks was seeking surveillance on himself under law this Court was required to order the government to disclose any electronic surveillance because the statute does not require that the motion be made at any specific time in any specific case. Because Banks sought the surveillance on himself this Court had the duty to at a bare minimum review the surveillance for itself and then order any unredacted portions disclosed and clearly abused its discretion by not doing so. It is unclear if Judge Fischer even reviewed the motion because she did not sign it. The Court erred in determining also that Banks friend of the court brief would not be helpful to the court because Banks alleged that in those criminal cases the government was employing electronic surveillance for tactical advantage and not disclosing it and he alleged that he believed he uncovered several murders committed by CIA intelligence officers using this technology. It was an abuse of the Court's discretion to ignore this. It should have reviewed the surveillance itself and acted accordingly. As Banks stated there are over 300,000 persons making the same allegations which has above the "delusional". USA v. Banks, 618 F. Appx. 82, 84 (3d cir. 2015) does not apply here because in that case 50 USC §1806(f) was not at issue because no motion had been made under that statute. Unfortunately, it appears as if this court had been engaged in a cover up of sorts of the "State Secret" as alleged which is CIA electronic surveillance. At Banks' revocation hearing in 03-cr-245 he moved the court to lift the electronic surveillance. In open court Judge Nora Fischer stated that "I can't do it" but "I will have the motion transferred" to the Foreign Intelligence Surveillance Court. Subsequently, that motion was never transferred. Now, under 1806(f) not only can the court do it. It "must" disclose by order the surveillance as 50 USC §1806(f) pre-empts the State Secrets defense. See Jewel v. NSA (9th cir.) Again the court failed to apply the ...

The Court should have allowed the Motion to Disclose to be filed in the Criminal Cases because the order of Banks v. Pope Francis, 2015 WL 8207532 did not apply to Criminal cases. The defense attorneys in those cases should have been given the opportunity to review the motion so that if they deemed warranted they could make there own 50 USC § 1806(f) motion since by statute the government cannot disclose any electronic surveillance by the CIA <u>unless a motion is made under that section</u> (see 50 USC § 1806(f)), and given the government the opportunity to respond because it may have supported the filing of the friend of the Court brief especially since it alleged that murders and other violations of law may have been committed. Additionally, Banks is not enjoined from making pro se filings in 15-cr-168 or if he is it's news to him and a violation of the 6th Amendment. The Court should have allowed the filing of the Motion in that case and allowed the Judge of that case to decide the issue as he is of course capable of doing so. As a result the Court should grant the motion for Reconsideration and vacate its orders.

4. Banks appeals his motions to alter and amend and for reconsideration of the Court's March 21, 2016 orders for the reasons listed in those motions and above as stated 1806(f) is mandatory and the Indian Canon was never applied. Banks disagrees the Court erred in finding that Banks raised issues previously resolved in those cases. Banks again is making the Court aware of a lone campaign of Satellite terror by way of CIA electronic surveillance, he is not lying and has noted that 300,000 persons in the US alone are affected and he knows some of those individuals personally. See motion to subpoena individuals as victims or experts of CIA electronic surveillance filed at USA v. Banks, 15-cr-168 yet the Court flat out refuses to provide the surveillance, or even order it which would lead to vindication. Instead the Court is content on finding the people "delusional" or "mentally ill" when the examining psychiatrists have no knowledge of electronic surveillance capabilities or how it is being applied. The Court wants these people discredited + medicated. Well I will say this, You will never be able to medicate or discredit Truth. If CIA electronic surveillance did not exist 50 USC § 1806(f) would not exist nor would the numerous articles, testimonials, and quotations on the subject. Thousands of them.

Wherefore, the foregoing motions should be granted. The orders vacated, reversed and remanded. The surveillance disclosed along with all other warranted or requested relief.

Certificate of Service

I hereby certify that on this 14th day of April 2016 I served a true + correct copy of the foregoing by mail delivery upon the following:

Office of the US Atty
700 US Courthouse
700 Grant St.

Respectfully Submitted,
Frederick Banks
#120759, OTC
ACJ, 950 Second Ave
Pittsburgh, PA 15219

NAME: Frederick Banks

DOC & POD NUMBER 130150  7E
ALLEGHENY COUNTY JAIL
950 2ND AVE
PITTSBURGH, PA 15219-3100

$00.37³ APR 12 2016
0002009287
MAILED FROM ZIP CODE 15219

ADDRESS MUST BE PRINTED BELOW THIS LINE

Robert V. Barth, Jr.,
Clerk U.S. District Court
U.S. Courthouse
700 Grant Street
Pittsburgh, PA 15219

DO NOT COLOR OR WRITE BELOW THIS LINE

CCX-PSF 15219