IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FREDERICK H. BANKS, )<br>)<br>Defendant. ) | Criminal Action No. 2:15-cv-168<br><br>Judge Mark R. Hornak |

## MEMORANDUM ORDER

Defendant Frederick H. Banks has exhibited erratic behavior throughout the pendency of the criminal charges brought against him. On behalf of himself in this case, and others in completely unrelated cases, Banks has filed a series of motions (to suppress, to disclose, to dismiss, to take judicial notice, for release on bond, for subpoenas, for reconsideration, for return of property, etc.) that center around a common nucleus of facts, namely that he was set up by the Federal Bureau of Investigation. *See, e.g.*, ECF Nos. 87, 88, 90, 93, 94, 95, 102, 107, 109, 113, 114, 117, 120, 122, 124, 125, 127, 128. Banks also believes that he, and others, are subject to electronic surveillance and harassment conducted via "voice-to-skull" technology as part of a "telepathic behavior modification" program run by the Central Intelligence Agency. *See, e.g.*, ECF No. 125.

Banks' filings exhibit some degree of facility with the form and styling of formal legal pleadings. The substance of those pleadings, however, gives the Court serious concerns as to Banks' competence to be tried on the charges against him. His assertions are always conspiratorial, *see* ECF No. 120 (describing the alleged FBI set up), sometimes whimsical, *see* ECF Nos. 78, 90 (cartoon depictions of various actors in this case), and sometimes vaguely threatening, *see* ECF No. 106. In other *pro se* cases, Banks has sued, among others, Pope

Francis, Hillary Clinton, Donald Trump, President Obama, the Administrative Office of the United States Courts, and the Secretary of the Department of the Interior. Dkt. No. 15-cv-1400; Dkt. No. 15-mc-885; Dkt. No. 15-cv-700; Dkt. No. 15-cv-1498. All this raises serious doubts as to Banks' capacity to meaningfully understand the nature of the charges against him and the judicial process, and his ability to assist (or, as he would have it, conduct) his own defense.

Banks was evaluated by Dr. Robert M. Wettstein, M.D. in late 2015. In his report, Dr. Wettstein concluded that Banks "retains the ability to argue his case and serve his own legal interests though imperfectly and with poor judgment." ECF No. 75, at 11 (**SEALED**). Dr. Wettstein testified before the Court at a competency hearing on December 30, 2015 and based on new filings by Banks, agreed to file a supplemental written report. That supplemental report indicated that Dr. Wettstein's psychiatric opinions did not change. ECF No. 108 (**SEALED**).

However, the Court finds Dr. Wettstein's initial written report, his written supplement, and his testimony to be equivocal at best. For example, Dr. Wettstein reports that Banks can "sense" electronic harassment by the CIA but because Banks says he does not hear or see it, Banks is competent. ECF No. 75, at 4. Dr. Wettstein also formally diagnosed Banks with "psychosis not otherwise specified with current delusions"—a major mental disorder—but then says that Banks remains able to represent himself. *Id.* at 6, 9–10. Dr. Wettstein further reported that Banks may be suffering paranoid delusions or auditory hallucinations, or both, but that Banks is also able to understand the nature and consequences of the proceedings against him. *Id.* at 10. At the competency hearing, Dr. Wettstein described psychosis generally as including "ordinary delusional thinking episodes [that] are something that a person adheres to despite reality to the contrary or evidence to the contrary." ECF No. 111, at 43. He also testified, however, that patients like Banks can often isolate their psychopathology, so Banks could

2

represent himself at trial. From the Court's perspective, those findings are inherently in tension (or are, perhaps, wholly inconsistent) and do not necessarily lead to the conclusions Dr. Wettstein has drawn. In fact, in both his report and his testimony, Dr. Wettstein recognized that it was up to the Court to determine whether Banks' delusions and psychosis would render him incompetent to be tried at all, or if he were, to represent himself. *See* ECF No. 75, at 11.

The Court is also concerned with Banks' approach in previous litigation. In an earlier supervised release proceeding, Banks fought to represent himself, and later on appeal (with appointed counsel) argued that the district court should not have let him do that. *Id.* at 47; *United States v. Banks*, 572 F. App'x 162, 163 (3d Cir. 2014) ("Banks raises three arguments on appeal. First, he contends that the District Court should not have found him competent to represent himself at the violation hearing, in spite of his own request to waive his right to counsel and proceed pro se."). Thus, it behooves everyone involved in this case to be absolutely certain that Banks is competent before proceeding.

For their parts, both the United States and Banks' current appointed counsel agree that Banks "has a serious mental illness and is not competent to waive his right to counsel and represent himself." ECF No. 118, at 1; *see also* ECF No. 116. Banks' lawyer also raises the distinct possibility of an insanity defense. ECF No. 111, at 165. The United States and Banks' counsel have brought several recent *pro se* filings by Banks to the Court's attention and argue that they further support their shared position that Banks should be reevaluated. ECF Nos. 121, 122, 126. The Court agrees. The United States and Banks' counsel disagree about whether Banks should be released on bond pending trial. ECF No. 118, at 1; ECF No. 116, at 5.

Based on the positions of the United States and Banks' appointed counsel, the magnitude and gravity of the charges in the superseding indictment,[1] as well as Banks' own filings and the equivocal nature of Dr. Wettstein's testimony and written reports, further evaluation of Banks' competence is both warranted and essential to the Court's competency decisions.[2] The Court concludes that there remains "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a); *see also United States v. Leggett*, 162 F.3d 237, 241 (3d Cir. 1998).

Further, based on the seriousness of Banks' alleged economic crimes and Banks' erratic (to put it mildly) behavior, the Court continues to conclude that he poses a danger (both economic and physical) to the community and others in it if released before trial, and given the nature and content of his wide array of filings, the Court concludes that if released, he would be a genuine and very real flight risk. *See* 18 U.S.C. § 3142(e).[3] Banks will thus remain in custody and will not be released on bond.

---

[1] The superseding indictment charges Banks with interstate stalking, wire fraud, aggravated identity theft, and making false statements. ECF No. 96.

[2] The Court concludes that it has the necessary authority to order another evaluation under 18 U.S.C. § 4241. Although it appears that the Third Circuit has not addressed the issue directly, other Courts of Appeals have upheld this authority. *See United States v. Kowalczyk*, 805 F.3d 847, 860 (9th Cir. 2015) ("[M]ultiple competency evaluations and determinations are permitted by § 4241."); *United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989) ("It is also clear that the statute in no way limits the court to a single inquiry into a defendant's competency. Indeed, § 4241 contemplates inquiry over a wide period of time—'[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of defendant'—and the holding of additional hearings, in light of the court's ultimate duty to search for the truth, is not contrary to the policy of the statute." (alternations in original)).

[3] The danger to community determination must be supported by clear and convincing evidence while the flight risk determination need be supported only by a preponderance of the evidence. *See United States v. Himler*, 797 F.2d 156, 160–61 (3d Cir. 1986). The Court concludes by clear and convincing evidence that Banks is a danger to the community, including economically, *see United States v. Schenberger*, 498 F. Supp. 2d 738, 742 (D.N.J. 2007); *United States v. Persaud*, 2007 WL 1074906, at *1 (N.D.N.Y. Apr. 5, 2007), and that he is plainly a risk of flight if he released given the wildly unpredictable nature of his conduct, as expressed in and exemplified by both his docket filings and in-Court expositions.

Therefore, it is hereby ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for the conduct of a psychiatric or psychological examination to evaluate Defendant's competency to stand trial and to represent himself at such a trial. The examination shall be conducted by appropriately qualified physicians at the United States Federal Bureau of Prisons facilities in Butner, North Carolina and shall take place promptly. The United States Marshal or his designee is directed to take all steps reasonable and practicable to carry out this Order.

2. The time from the date of this Order until the Court's determination of the Defendant's competence is deemed excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* Further, the Court also specifically finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the Defendant to a speedy trial because the failure to grant such a continuance would deny the Court and counsel an appropriate basis on which to determine Banks' competence.

3. Appointed counsel for Banks, counsel for the United States, and Dr. Wettstein shall provide all relevant medical and evaluative records to the examining authorities at the BOP facility in Butner, North Carolina along with copies of all current and future docket filings by Mr. Banks.

4. Defendant's request to be released on bond subject to appropriate conditions, ECF No. 116, is DENIED.

5. Due to the pending competency evaluation and the fact that the Defendant is currently represented by counsel, the following *pro se* motions filed by Mr. Banks are DENIED without prejudice to their refiling by counsel: ECF Nos. 87, 93, 94, 95, 102, 107, 113, 114, 117, 120, 125, and 127.

Mark R. Hornak
United States District Judge

Dated: April 22, 2016
cc: All counsel of record