IN THE COURT OF COMMON PLEAS
MAHONING COUNTY, OHIO



| | | |
|---|---|---|
| **FREDERICK BANKS** | ) | Case No. 2018 CV 159 |
| | ) | |
| PLAINTIFF, | ) | |
| vs. | ) | JUDGE ANTHONY M. D'APOLITO |
| | ) | |
| **GAVIN THOULE, et al.** | ) | MAGISTRATE JAMES A. MELONE |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |
| | ) | **JUDGMENT ENTRY** |
| | ) | |
| | ) | |

In Mahoning County Court of Common Pleas, being Case Number 2014 CV 1812, the Honorable Lou D'Apolito declared Plaintiff a vexatious litigator, pursuant to R.C. §2323.52. Accordingly, it was ordered that Plaintiff shall not, without first obtaining leave of that Court, institute any legal proceeding in the Court of Claims or in any court of common pleas, municipal court or any county court of Ohio. Additionally, the order provides that whenever it appears that Plaintiff has instituted a legal proceeding, without first obtaining leave, the Court shall immediately dismiss the proceeding.

It appearing that Plaintiff failed to seek leave of Court prior to the filing of this action as required by the above-described Order, the Court, sua sponte, hereby orders that this matter is dismissed, without prejudice.

**IT IS SO ORDERED.**

Date: February 9, 2018

_____
JUDGE ANTHONY M. D'APOLITO

CLERK: COPIES TO ALL ATTORNEYS AND UNREPRESENTED PARTIES.



2018 CV
00159
00088223276
JUDENT

*Submitted by: James H. Rollinson, Counsel for T. Rowe Price Services, Inc.*

## IN THE COURT OF COMMON PLEAS
## MAHONING COUNTY, OHIO

| | |
|---|---|
| T. ROWE PRICE SERVICES, INC., | Case No. 2014 CV 001812 |
| Plaintiff, | Judge Lou A. D'Apolito |
| v. | |
| FREDERICK BANKS, | **JUDGMENT ENTRY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| Defendant. | |



This matter comes before this Court on this ____ day of November, 2014, on the motion of Plaintiff T. Rowe Price Services, Inc. ("T. Rowe Price") for summary judgment. Upon review and consideration of the motion, the memorandum and affidavits in support of the motion, any and all oppositions and replies thereto, and certain other pleadings, the Court hereby sustains T. Rowe Price's motion for summary judgment.

During all times relevant to this matter, Defendant Frederick Banks ("Mr. Banks") was an inmate housed at the Northeast Ohio Correctional Center ("NEOCC"). In the past year, Mr. Banks has sued the NEOCC, numerous employees of the NEOCC, T. Rowe Price, and many others in actions that he commenced before this Court. *See, e.g.,* Case Nos. 2014 CV 0035, 2014 CV 0036, 2014 CV 0047, 2014 CV 0104, and 2014 CV 0546. In each case, this Court dismissed, on motion of the defendants pursuant to Ohio Rule of Civil Procedure 12(b)(6), all of Mr. Banks' claims for failure to state a claim upon which relief can be granted. Mr. Banks has filed at least two appeals with the Ohio Court of Appeals for the Seventh District. *See* Nos. 14 MA 48 and 14 MA 98. In the instant action, T. Rowe Price asks this Court to declare Mr. Banks a vexatious litigator pursuant to Ohio Revise Code § 2323.52, and has moved for summary judgment on this sole issue.

### The Summary Judgment Standard

Ohio Rule of Civil Procedure 56(C) provides that summary judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Thus, summary judgment is appropriate where: "(1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party." *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St. 3d 621, 629.

1

J3002
P 0475


2014 CV
01812
00085549614
JUDENT

### Ohio's Vexatious Litigator Statute

Ohio law imposes restrictions on persons found to be vexatious litigators. Ohio Revised Code § 2323.52(A)(3) defines a "vexatious litigator" as:

> [A]ny person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. "Vexatious litigator" does not include a person who is authorized to practice law in the courts of this state under the Ohio Supreme Court Rules for the Government of the Bar of Ohio unless that person is representing or has represented self pro se in the civil action or actions.

Under Section 2323.52(A)(2), vexatious conduct is defined as conduct of a party in a civil action that satisfies any of the following: "(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action[;] (b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law[; or] (c) The conduct is imposed solely for delay."

Finally, Section 2323.52(B) identifies who may bring an action to have a person declared a vexatious litigator:

> A person, the office of the attorney general, or a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. The person, office of the attorney general, prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred.

Once a court deems a person a vexatious litigator, Ohio Revised Code § 2323.52 imposes a number of restrictions on the party's ability to continue in any existing legal proceeding or institute any new legal proceedings in Ohio state courts. The statute is not designed to prevent vexatious litigators from litigating legitimate claims, but instead establishes a screening mechanism under which the vexatious litigator can petition the court for a determination of whether the proposed claim is legitimate. *See, e.g., Mayer v. Bristow* (2000), 91 Ohio St.3d 4, 14.

Analysis

T. Rowe Price has moved for summary judgment on the sole claim of its complaint seeking to have Mr. Banks declared a vexatious litigator under Ohio law. T. Rowe Price argues that the undisputed record before this Court establishes that Mr. Banks has instituted at least five civil actions before this Court and two appeals before the Ohio Court of Appeals for the Seventh District Court of Appeals, and that these actions and appeals have served merely to harass or injure the individuals he named as defendants therein, and were neither warranted under existing law nor could be supported by a good faith argument for an extension, modification or reversal of existing law. This argument is well taken.

For example, in Case Nos. 2014 CV 0036 and 2014 CV 0047, Mr. Banks alleged, *inter alia,* that the NEOCC and its employees were negligent in failing to stop the Central Intelligence Agency (the "CIA") from electronically transmitting music, messages, and other audio signals directly into his head as well as the head of another inmate. According to Mr. Banks, the CIA is using this "voice to skull" or "V2K" technology against him in retaliation for the hundreds of lawsuits he had filed against the federal government. In each action, this Court granted the defendants' motion to dismiss Mr. Banks' complaint on the ground that he had failed to state a claim upon which relief can be granted. In his recent appeal, Mr. Banks filed a "Notice to the Court and Parties Regarding the CIA 'Voice To Skull' Electronic Harassment" in which he advanced the same fantastic theory of the CIA's use of "V2K" technology. *See* Nos. 14 MA 48 and 14 MA 98. This Court finds that the claims that Mr. Banks asserted against NEOCC and its employees and his conduct in these and the other civil actions he has filed in this Court this year as well as in the appeals he has filed, served merely to harass or injure these parties and were neither warranted under existing law nor could be supported by a good faith argument for an extension, modification or reversal of existing law. In these proceedings alone, Mr. Banks has habitually, persistently, and without reasonable grounds engaged in vexatious conduct.

In Case No. 2014 CV 0546, Mr. Banks also has engaged in vexatious conduct. In those proceedings, he filed a complaint against T. Rowe Price, 101 Distribution, Baker & Taylor, and Action Music Distribution in the Mahoning County Court of Common Pleas. In his Complaint, Mr. Banks claimed that T. Rowe Price converted a check in the approximate amount of $4,954 and thereby caused him to lose interest he otherwise would have received in the currency markets totaling more than $112 million. In his claims against the other defendants, he alleged that they converted several thousand compact discs and thereby damaged him in excess of $3 million.

T. Rowe Price moved the trial court, pursuant to Ohio R. Civ. P. 12(b)(6), to dismiss Mr. Banks' conversion claim on the grounds that Mr. Banks lacked the ability by statute to bring a claim against T. Rowe Price for allegedly converting the check in question, and that even if he had the ability to bring such a claim, he brought it long after the governing statute of limitations had run. Mr. Banks opposed the motion, arguing that the check in question was an altogether different check than the one he supplied to the court and that the governing statute of limitations did not bar his claim because he is an American Indian and the statute did not begin running until 2013 when he last contacted T. Rowe Price for payment. This Court granted T. Rowe Price's motion. Mr. Banks thereafter filed numerous motions seeking reconsideration and/or vacation of

3

the decision and also moved for summary judgment on his dismissed claims. This Court denied all of Mr. Banks' motions.

Moreover, when Mr. Banks served T. Rowe Price's counsel with his motion for summary judgment, he included a cover letter in which he wrote:

> Hello. I have enclosed a Notice of Appeal, a Motion for Summary Judgment, and Discovery. In 2003, T. Rowe Price customer service promised to pay me[.] Since I have spent countless hours trying to recover w/ long wait times on customer service[.] Finally in 2014 I gave up and filed suit. Your Motion to Dismiss as you will see was wrongly decided (see enclosed Notice of Appeal)[.] T. Rowe Price will not rip me off. They are worth Billions [.] I sought a few thousand. Over the last ten years I have filed over 2000 lawsuits[.] If your client doesn't pay me I will file 2000 more costing them at least $2,500,000 in legal fees even if I lose all, all because they refuse to make me whole and rip off the little guy. If they would have paid me I wouldn't be in prison because I would have made a fortune in the Forex markets. My biggest success is Cobell v. Salazer (D.C. Columbia)[.] In that case, the court made the biggest settlement in US history 3.4 Billion dollars. I recommend that your client settles. Also was wondering if by chance you could provide me with the address for Action Music Distribution in Cleveland. Thanks[.] Please advise.

This Court finds that the claim that Mr. Banks asserted against T. Rowe Price and his conduct in the proceedings served merely to harass or injure T. Rowe Price and were neither warranted under existing law nor could be supported by a good faith argument for an extension, modification or reversal of existing law.

Although not directly relevant to the instant motion, this Court may look to Mr. Banks' conduct in proceedings outside of Ohio for purposes of determining whether he habitually has engaged in vexatious conduct. *See McClure v. Fischer Attached Homes*, 145 Ohio Misc. 2d 38, 2007-Ohio-7250. This Court finds that Mr. Banks has filed hundreds of frivolous lawsuits in federal courts, and this vexatious conduct demonstrates that his actions before this Court had no legitimate basis but were instead just a continuation of his vexatious ways.

The Supreme Court of Ohio has observed that the vexatious litigator statute clearly "seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state." *Mayer v. Bristow,* 91 Ohio St. 3d 3, 13, 2000-Ohio-109, ¶ (quoting, in turn, *Central Ohio Transit Authority v. Timson* (1998), 132 Ohio App.3d 41, 50)). "Such conduct clogs the court dockets, results in increased costs, and often times is a waste of judicial resources—resources that are supported by the taxpayers of this state. The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation." *Id. See also Harris v. Smith*, Richland App. No. 2011CA108, 2012-Ohio-3457 (affirming trial court's determination that inmate, who had instituted more than thirty frivolous lawsuits against the Ohio Department of Corrections and its employees, was a vexatious litigator, and finding that "endless litigation is defendant's form of entertainment"). The record before

this Court establishes that an endless stream of litigation before this Court is Mr. Banks' latest "form of entertainment" and that his conduct before this Court and other courts of this state is the very type of "vexatious" conduct that Section 2323.52 is designed to prevent. T. Rowe Price's motion for summary judgment is well taken, and is hereby granted.

IT IS HEREBY ORDERED that:

1. Mr. Banks shall not, without first obtaining leave of this Court as provided under Ohio Revised Code § 2323.52(F)(1), institute any legal proceeding in the court of claims or in any court of common pleas, municipal court or any county court of Ohio;

2. Mr. Banks shall not, without first obtaining leave of this Court as provided under Ohio Revised Code § 2323.52(F)(1), continue any legal proceedings that Mr. Banks has instituted, prior to the entry of this Order, in the court of claims or in any court of common pleas, municipal court or any county court of Ohio;

3. Mr. Banks shall not, without first obtaining leave of this Court as provided under Ohio Revised Code § 2323.52(F)(1), make any application, other than for leave to proceed under Ohio Revised Code § 2323.52(F)(1), in any legal proceeding instituted by Mr. Banks or any other person in the court of claims or in any court of common pleas, municipal court or any county court of Ohio;

4. This order shall, pursuant to Ohio Revised Code § 2323.52(E), remain in force indefinitely;

5. Only this Court may, pursuant to Ohio Revised Code § 2323.52(F), grant Mr. Banks leave for institution or continuance of, or making of an application in, legal proceedings in the court of claims or in any court of common pleas, municipal court or any county court of Ohio; this Court will only grant such leave if it is satisfied that the proceedings or application are not an abuse of process of the court in question, and that there are reasonable grounds for the proceeding or application; and if leave is granted, this Court will enter a written order granting such leave;

6. Mr. Banks shall not, pursuant to Ohio Revised Code § 2323.52(D)(3), institute legal proceedings in a court of appeals of Ohio, continue any legal proceedings that Mr. Banks has instituted in a court of appeals of Ohio prior to the entry of this Order, or make any application, other than the application for leave to proceed allowed by Ohio Revised Code § 2323.52(F)(2), in any legal proceedings instituted by Mr. Banks or any other person in a court of appeals of Ohio without first obtaining leave of the court of appeals to proceed pursuant to Ohio Revised Code § 2323.52(F)(2);

7. In the event that Mr. Banks requests this Court to grant him leave to proceed as described in Ohio Revised Code § 2323.52(F)(1), the period of time commencing the filing with this Court of an application for the issuance of an order granting leave to proceed and ending with the issuance of an order of that nature shall not be computed as part of an applicable period of limitations in which the legal proceedings or

application involved generally must be instituted or made;

8. No appeal by Mr. Banks shall, pursuant to Ohio Revised Code § 2323.52(G), lie from a decision of this Court if this Court denies Mr. Banks, under Ohio Revised Code § 2323.52(F)(1), leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of claims or in any court of common pleas, municipal court or any county court of Ohio;

9. The Court of Common Pleas of Mahoning County, Ohio shall, pursuant to Ohio Revised Code § 2323.52(H), immediately send a certified copy of this Order to the Ohio Supreme Court for publication in a manner that the Supreme Court determines is appropriate and that will facilitate the clerk of the courts of court of claims and the clerks of all courts of common pleas, municipal courts, or any county courts of Ohio in refusing to accept pleadings or other papers submitted for filing by Mr. Banks if he has failed to obtain leave under Ohio Revised Code § 2323.52(F) to proceed;

10. Pursuant to Ohio Revised Code § 2323.52(F)(1), whenever it appears by suggestion of the parties or otherwise that Mr. Banks has instituted, continued, or made an application in legal proceedings, without obtaining leave to proceed from either this Court or the court of appeals, the court in which the legal proceedings are pending shall immediately dismiss the proceeding or application by Mr. Harris.

IT SO ORDERED.

_____
JUDGE LOU A. D'APOLITO

CLERK : COPY TO ALL COUNSEL
OR UNREPRESENTED PARTY.