IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 2:15-cr-00168 |
| | ) |
| FREDERICK H. BANKS | ) |
| | ) |
| Defendant. | ) |

**MOTION PURSUANT TO 28 USC 455 AND 28 USC 144 TO RECUSE;
OR, MOTION TO DIRECT LEGAL COUNSEL ADRIAN ROE TO FILE THE MOTION TO
RECUSE SINCE NEW COUNSEL HAS NOT YET BEEN APPOINTED[1]; AND,
MOTION PURSUANT TO FRE 201(d) TO TAKE JUDICIAL NOTICE**

Defendant, on affirmation, pursuant to 28 USC 1746, a Native American, proceeding as his own attorney after this Court allowed Adrian Roe to withdraw, but did not appoint an advocate, moves this Court to recuse, and declares under the penalty for perjury that the following is true and correct to the best of his knowledge:

1. My name is Frederick Banks. I am without counsel and, therefore, acting as my own attorney.

2. This Court maintains four clear conflicts of interest and proclamations of actual bias that make it appear to a <u>reasonable</u> person that its impartiality might <u>reasonably</u> be questioned. 28 USC 144, 455.

3. First, a primary defense witness as to Count I of the Superseding Indictment ("Indictment") will be Cynthia Reed Eddy. This Court verbally stated on the record that if she was called as a witness, the Court would be required to recuse itself. No matter how this Court, the government, and Mr. Roe try to change the facts of this case: Ms. Reed Eddy is a witness. One of the factual defenses to Count I is that the FBI created the alleged telephone calls and ad in an effort to detain Banks because they did not wish for their misconduct to be exposed. The former agent in question will have to be impeached about these occurrences, and Ms. Reed Eddy's testimony[2] will be crucial to corroborate Banks' position. The background is that the alleged victim of the crime, an ousted and non-credible former FBI agent, attended a meeting with Banks and <u>Ms. Reed Eddy</u>. The FBI agent pulled out a firearm and made a threat to Ms. Reed Eddy's client. Ms. Reed Eddy did nothing to protect her client and encouraged the agent to proceed,

---

[1] Roe is quite aware, and has been aware, that the same conflict of interests that allowed him to withdraw also require this Court to recuse itself. Roe did not petition this Court to recuse not because he thinks it is frivolous, but because his only interest is in preserving his reputation and favorable standing in front of the Court while allowing Banks' defenses to be waived, spoiled, and destroyed by the hands of time. Roe will not communicate as shown by the letter submitted to this Court by Banks, and this Court should not defer to him to file the motion. Therefore, unless directed to file this motion, Roe will not take action on behalf of Banks (as he never did advocate in any manner for Banks).

[2] From what Banks understands, Ms. Reed Eddy will have to be declared a hostile witness on the basis that she is denying participating in the misconduct that occurred. Certainly, she cannot claim attorney-client privilege to the fact that the FBI agent used a firearm to intimidate her client to provide statements. Any attorney-client privilege was waived by the presence of the FBI agent.

    threatening with the weapon. During this investigation, the FBI attempted to improperly discredit this information. In violation of FBI procedure, a local agent interviewed Ms. Reed Eddy. That FBI memo was submitted to this Court to discredit Banks' defense, and this Court reviewed the hearsay and took note of it. Proper FBI procedure would be for the FBI's Office of Professional Responsibility to assign an outside agent to conduct the interview, not an interested agent.

4. Second, at Entry 572, this Court proclaimed that it is apparently of the opinion that Banks' filing legal cases and petitioning the courts for relief constitutes "retaliation against a federal judge" in contravention of 18 USC 1521.[3] While Banks vehemently denies any attempt to "retaliate," and Banks never lodged any liens or encumbrances, but merely made allegations and sought monetary relief from the courts, it is clear that this Court views the actions in an extremely negative way-- so much so that the Court asked the United States Marshals Service to investigate Banks. This Court cannot be perceived to be fair when it is actively encouraging a criminal prosecution of Banks on behalf of "former" employees of the Court.

5. Further to the above, this Court issued a memorandum opinion that stated the government admitted that a criminal investigation of the defendant exists as to an involuntary bankruptcy action purportedly filed against former legal counsel Adrian Roe and Entry 573. This Court stated, "The United States advances a factual basis to support the conclusion that an actual, adversarial conflict between Mr. Roe and the Defendant is fast approaching." Indeed, the same "actual, adversarial conflict" would exist with this Court and its law clerks. Assuming that the government proceeds to indict Banks relating to his constitutionally protected actions, the law clerks' entire financial history will be the subject of discovery since that is an element of the case against them. The only allegations in the involuntary bankruptcy are that Banks believed that a debt was owed by the law clerks and that the law clerks were generally not paying the debt, both allegations that Banks verily believed to be true at the time he submitted the documents. Certainly, the law clerks would have to be participating in grand jury proceedings, offering testimony, and giving verbal statements to the government in order for a prosecution to occur.

6. The Court should ask itself: Can it actually render fair decisions as to Banks while actively encouraging the addition of even more charges by the government to discourage Banks' access to the courts?

7. Third, this Court is brazenly interfering with the civil dispute between Banks and Roe. This Court called the filings against Roe "retaliatory" in its opinion at Entry 573 when, frankly, it is not for the Court to intervene. On the contrary, the lawsuit against Roe was for legal malpractice. This Court is not privy to the full extent of Roe and Banks' attorney-client relationship. Since the beginning of this case, Roe verbally made it clear to Banks that his sole goal from the case was not to be sued, not to defend the charges. Roe told Banks that he was pursuing an "insanity" defense because a prior client filed a

---

3  Ironically, this Court repeatedly states that Banks is not competent to represent himself and will not allow him to proceed *pro se* as to this case, but now it is insinuating that Banks is criminally culpable for the contents of his legal filings and attempts to obtain relief. Clearly, this Court's conflicted findings are polar opposites and demonstrates that the purpose of denying Banks the ability to represent himself primarily occurred to avoid allowing him to promptly submit his defenses to alleged crimes that this Court lacks subject matter and location-based jurisdiction over.

complaint against him for not pursuing such an action. Roe made it clear to Banks that he did not want to go to trial or put the government to their burden of proof and that Banks was "insane" for not accepting a plea of guilty regardless of legal or factual guilt. Roe hardly attempted to seek the release of Banks and he had to file his own motions for pretrial release. Roe stated from the beginning he would not investigate the misconduct of the FBI or Cynthia Reed Eddy because Ms. Reed Eddy was his associate. Then, in filings to this Court, Roe conceded that detention was the best method to assure Banks appears for trial. Roe misstated every comment Banks made to him. This is not advocacy, it is malpractice. On the one hand, then, this Court would call it retaliation because Banks pursued civil remedies against Roe. However, if Banks waited until Roe destroyed his defenses, it would be another judge that held the statute of limitations to sue Roe expired.

8. Further to the above, this Court repeatedly praised Roe and his performance despite not having any form of evidentiary hearing related to Banks' repeated assertions that Roe would not communicate and engaged in ineffective assistance of counsel by not investigation the factual background of the case? Certainly, if Banks ends up convicted, the ineffective assistance of counsel he received will be at issue-- but this Court prejudged the claim, heaping praise on Roe.[4]

9. Fourth, and finally, in almost every opinion by this Court, it harps about Banks' research and assertions relating to CIA voice to skull communications. The Court appears obsessed with its dismissive position as to existence of such programs. *But see* Attached Articles about the US Government claiming Cuba is using the technology on United States diplomats. Regardless of the merits of the Court's position as to the non-existence of the CIA program, does the Court not understand that Banks must prove that he reasonably believed the program exists? The Government indicted Banks for filing a "false" next-friend habeas corpus on behalf of a third party. One of Banks' factual defenses to the indictment will be that he verily and honestly believed that the CIA program was used against the habeas petitioner, that he was doing a public service by filing the next friend petition, and that no material falsities existed in the petition. How can Banks pursue this defense with the Court repeatedly claiming that the existence of the program is nonsensical? The Court simply prejudged that Banks' habeas corpus filed as a next friend was materially false, that such a prejudicial proclamation prevents Banks from having his defense.

10. Assuming the above does not constitute "actual bias" – and perhaps the Court means no harm in its prejudgment of alleged criminal conduct by Banks, its "rah rah" for the *super-duper* "defenses" and zealous "advocacy" put on by Roe for over 30 months, and the active discouragement of Banks' petitionining for the redress of grievances as he is constitutionally allowed-- a <u>reasonable</u> person would question this Court's impartiality.[5]

---

[4] The Court does not need to play politics and salvage Roe's 30 month destruction of this case. It could have simply stated, "The Court recognizes that Roe put significant time and effort into the case, and it thanks him for the service." As this is not a football game, the Court does not need to pat the players on the buttox and congratulate them on a job well done destroying Banks' freedoms.

[5] Indeed, during the so-called competency proceedings, both the Government and Roe uttered only a few comments while this Court took the reigns, performed the majority of the examination, and did the job of pushing forward the agenda of Roe (to keep Banks detained under the guise of him purportedly being incompetent). The Court appeared astonished that psychological experts, time and time again, told the Court that Banks was competent and able to represent himself and understand the charges.

11. In the absence of actual bias or prejudice, 28 USC 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The inquiry is an objective one: Whether a reasonable person, aware of all the facts, would have a reasonable basis for questioning the judge's impartiality. *E.g., In Re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988), cert. denied, 490 U.S. 1102 (1989); *Blalock v. United States,* 844 F.2d 1546, 1552 (11th Cir. 1988); *In re Beard,* 811 F.2d 818, 827 (4th Cir. 1987); *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986); *United States v. Harrelson*, 754 F.2d 1153, 1165 (5th Cir.), cert. denied, 474 U.S. 908 (1985).

12. A "trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." *Drexel,* at 1312.

13. In this case, at this crucial juncture, this Court needs to come to terms with the fact that its impartiality no longer exists. Even the most fair grown up men sometimes have to come to terms with the fact that they cannot render fair decisions due to biases and prejudices that may not be natural to their personalities, experience, and education.

14. If this Court cannot recognize that it is no longer able to adjudicate this matter, perhaps it is not Banks' competency that was reasonably questioned in this proceeding.

15. Finally, pursuant to FRE 201(d), this Court needs to take judicial notice of its bias and prejudicial proclamations discussed above, and the sound attacks contained in the attached articles.

WHEREFORE, Frederick Banks respectfully demands that this Court recuse itself.

_____
Frederick Banks
05711068, NEOCC
2240 Hubbard Road
Youngstown, OH 44505

Defendant

CERTIFICATE OF FILING AND SERVICE

    I, Frederick Banks, certify that I mailed a true and correct copy of the foregoing to the Clerk of the Court, postage prepaid, by providing a copy to institutional staff for mailing on this 15th day of February, 2018. *Houston v. Lack*, 487 US 266 (1988).

    I did not serve the parties because they are all registered on the ECF system and will obtain a copy of this document via email notification in accordance with the local rules.

_____
Frederick Banks