IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 15-168 |
| FREDERICK H. BANKS, ) | |
| ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF MOTION REQUESTING
RELEASE OF DEFENDANT PENDING TRIAL**

Defendant Frederick Banks is asking this Court to reconsider its Detention Order and grant a Detention Hearing to determine among other considerations whether continued incarceration violates his Fifth Amendment due process and/or Fourteenth Amendment equal protection rights guaranteed to him under the United States Constitution.

Our system of criminal justice embraces a strong presumption against detention. "In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." United States v. Salerno, 481 U.S. 739, 755 (1987). The Bail Reform Act of 1984, 18 U.S.C. § 3142 et seq., sets forth the limited circumstances in which a defendant may be detained before trial despite the presumption in favor of liberty. *See* 18 U.S.C. § 3142(a). The Act allows the Court to order pretrial detention when it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Act requires the Court to consider four factors in determining whether a defendant is a risk of flight or danger to the community: the nature and circumstances of the offense charged, "including whether the offense is a crime of violence . . . [or] a Federal crime of terrorism; "the weight of the evidence against the defendant; the history and

characteristics of the defendant; and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). The government must demonstrate that the defendant is a flight risk by a preponderance of the evidence, or that he poses a danger to the community by clear and convincing evidence. *See* United States v. Himler, 797 F.2d 156, 161-62 (3rd Cir.1986).

The Bail Reform Act permits the Court to reopen a detention hearing "at any time before trial if [it] finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such persons as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). The sheer length of time that a defendant has spent in pretrial detention is not a basis for reopening a detention hearing under the Act. United States v. Accetturo, 783 F.2d 382, 388 (3rd Cir. 1986); *see also* United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989) (holding that the length of detention, including the projected term of detention, is not a reason to reopen a detention hearing because it is not material to dangerousness or flight risk).

Prolonged pretrial detention can be a basis for the Court to reconsider the Defendant's detention for constitutional (rather than statutory) reasons. See United States v. Accetturo , *supra.* at 388 ("[A]t some point due process may require a release from pretrial detention or, at a minimum, a fresh proceeding at which more is required of the government than is mandated by section 3142."). Due process-related determinations should be individualized and take into account the §3124 factors as well as "the length of the detention that has in fact occurred, the complexity of the case, and whether the strategy of one side or the other has added needlessly to that complexity." *Id.* Thus, a due process inquiry provides a constitutional basis for the Court to reconsider its detention order that is separate from the question of whether a detention hearing may be reopened under the Bail

Reform Act. It has been accepted that the due process challenges to pretrial detention, as applied, must be resolved on a case by case basis. *Id.*

Banks has been in detention since his arrest on August 7, 2015; more than 37 months but has been convicted of no crime in this case. Courts have held that pretrial detention that has lasted for fourteen to sixteen months exceeds the due process limitations on the duration of pretrial confinement. United States v. Zannino, 798 F.2d 544, 548 (1st Cir. 1986) and United States v. Gonzales Claudio, 806 F.2d 334, 341 (2nd Cir. 1986). *See also* United States v. Taylor, 602 Fed. Appx. 713, 717 (10th Cir. 2015) (two years of pretrial detention is lengthy); United States v. El-Grabowny, 35 F.3d 63, 65 (2nd Cir. 1994) (a period of twenty-seven months "is unquestionably a long duration"); United States v. Omar, 157 F.Supp. 3d 707, 718 (M.D. Tenn. 2017) (pretrial detention in excess of 48 months violate the Due Process Clause). The fact that Banks has been in pretrial detention for more than three years should weigh heavily for the defendant as a violation of his due process rights.

When examining whether a period of pretrial detention violates due process, the Fifth Circuit has adopted an additional factor of examining whether future detention is non-speculative. In other words, is there an end in sight such as a pending trial date? United States v. Hare, 873 F.2d 796, 800-801 (5th Cir. 1989). In Mr. Banks' case, the length of any future pretrial detention is entirely speculative. There is currently no trial date set on this matter. There is currently an interlocutory appeal pending before the 3rd Circuit regarding competency issues. There is simply no information available to this Court or proof that could be submitted by either party to indicate how long Mr. Omar will wait for his day in court and remain in custody. His pretrial incarceration is entirely speculative while his presumption of innocence remains the same. Due to the fact that his pretrial

incarceration is entirely speculative and that there is no end in sight, this factor weighs heavily that his continued pretrial incarceration is a violation of his due process rights.

The case has not been declared complex as the issues to be decided at trial are rather straight forward. However, the issues of competency were brought to the Court's attention by Banks counsel and later acknowledged by the Court. These issues presented their own complexities in this case, for which an appreciable amount of time contributing to the delay was the need for hospitalization and evaluations to determine whether Banks was competent to stand trial and whether he is competent to represent himself at such trial. Understandably, any delay caused by this was necessary because the criminal trial of a defendant who lacks mental competency violates the defendant's due process right to a fair trial. See Cooper v. Oklahoma, 517 U.S. 348, 354 (1996); United States v. Renfroe, 825 F.2d 763, 765-66 (3rd Cir.1987). "It is well established that the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial." Medina v. California, 505 U.S. 437, 440 (1992).

It is indisputable that the defendant shares some responsibility for the delay in trying this case. The flurry of motions, notices and other remarks filed to the docket by Banks *pro se* have caused defense counsel, the government and the court to attend to many issues that are not relevant to any reasonable defense in this case. While Banks has a constitutional right to represent himself, his decision to change counsel, ultimately, deciding to proceed *pro se*, is at least partially responsible for some of the delay in moving this case forward.

There is, as well, the issue of Banks' interlocutory appeal to the 3rd Circuit regarding competency as the most recent cause for delay in this case. As a general rule, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S.

56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy." United States v. Rodgers, 101 F.3d 247, 251 (2nd Cir. 1996). Clearly, this Court retains jurisdiction to proceed with matters not involved in that appeal. Deciding Banks' request for release is a matter unrelated to the merits of the appeal.

**WHEREFORE**, Mr. Banks has been incarcerated for over 3 years and his continued pretrial incarceration has no end in sight. The length of the pretrial incarceration coupled with the fact that there is no end in sight for the litigation in this matter speaks to a clear violation of Mr. Banks' due process rights. The defendant respectfully requests that this Court release him from pretrial detention and place on him whatever conditions this Court deems reasonable and appropriate.

    Respectfully submitted,

    s/ Marvin Miller
    Marvin Miller
    PA I.D. #52946

    2324 McNary Boulevard
    Pittsburgh, PA  15235
    (412) 247-9628

Dated:  September 17, 2018    Attorney for Defendant,
    Frederick H. Banks