UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
Appellant

(W.D. Pa. No. 2-15-cr-00168-001)

Present: RESTREPO, PORTER and SCIRICA, Circuit Judges

1. Clerk's Submission for Possible Dismissal Pursuant to Jurisdictional Defect.

2. Response filed by Appellee to Clerk's Submission for Possible Dismissal Pursuant to Jurisdictional Defect.

3. Response filed by Appellant to Clerk's Submission for Possible Dismissal Pursuant to Jurisdictional Defect.

                Respectfully,
                Clerk/clw

_____ORDER_____

  In this appeal, the defendant appeals prejudgment orders denying, without prejudice and subject to reassertion by counsel, any requests for relief contained in several pro se documents objecting to the Presentence Investigation Report, providing certain exhibits to support his objections, outlining his position on the relevant sentencing factors, and naming witnesses who should be called at sentencing. These are not final, appealable orders. See, e.g., Midland Asphalt Corp. v. United States, 489 U.S. 794, 798 (1989)("[The final-judgment rule] prohibits appellate review until after conviction and imposition of sentence.").

  One of the orders on appeal also denied the defendant's request to represent himself at sentencing. That decision is not immediately appealable. See In re Banks, 767 F. App'x 274, 274–75 (3d Cir. 2019) (holding that defendant "can raise the [self-representation] issue in a direct criminal appeal should he be convicted"); see also United States v. Sueiro, 946 F.3d 637, 639–43 (4th Cir. 2020).

The appeal from those decisions is therefore DISMISSED for lack of appellate jurisdiction.

To the extent the defendant requested relief under 28 U.S.C. § 2241, we summarily affirm the district court's order denying any such request. Release pending an ongoing criminal case must be sought by motion in the criminal case, not in a separate habeas-corpus proceeding under § 2241.  See Reese v. Warden Phila. FDC, 904 F.3d 244, 247 (3d Cir. 2018).

By the Court,

s/Anthony J. Scirica
Circuit Judge

Dated: October 7, 2020
CLW/cc: Laura S. Irwin, Esq.
         Marvin Miller, Esq.

A True Copy:

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate