UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

DCO-112

No. 20-1919

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
Appellant

(W.D. Pa. No. 2-15-cr-00168-001)

Present: RESTREPO, PORTER and SCIRICA, Circuit Judges

1. Clerk's Submission for Possible Dismissal Pursuant to Jurisdictional Defect.

2. Response filed by Appellee to Clerk's Submission for Possible Dismissal Pursuant to Jurisdictional Defect.

3. Response filed by Appellant to Clerk's Submission for Possible Dismissal Pursuant to Jurisdictional Defect.

                                                  Respectfully,
                                                  Clerk/clw

_____ORDER_____

In this appeal, the defendant appeals an order regarding his "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 To Set Firm Date and Challenge Continuation of 4/17/20 Sentencing Date," which was filed within the defendant's then-pending criminal case.

To the extent the defendant requested relief under 28 U.S.C. § 2241, we summarily affirm the district court's order denying any such request. Release pending an ongoing criminal case must be sought by motion in the criminal case, not in a separate habeas-corpus proceeding under § 2241. See Reese v. Warden Phila. FDC, 904 F.3d 244, 247 (3d Cir. 2018).

To the extent the order related to the ongoing criminal case, it was not a final, appealable decision. See Midland Asphalt Corp. v. United States, 489 U.S. 794, 798 (1989) ("[The final-judgment rule] prohibits appellate review until after conviction and imposition of sentence."); United States v. Lacerda, 958 F.3d 196, 220 (3d Cir. 2020)

(reviewing speedy-sentencing claim on direct appeal). The appeal from the non–§ 2241 portion of the order is therefore DISMISSED for lack of appellate jurisdiction.

By the Court,

s/Anthony J. Scirica
Circuit Judge

Dated: October 8, 2020
CLW/cc: Laura S. Irwin, Esq.
　　　　Marvin Miller, Esq.

A True Copy:

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate