IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 15-168 |
| | ) |
| FREDERICK BANKS | ) |

**GOVERNMENT'S RESENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Shaun E. Sweeney, Assistant United States Attorney for said district, submitting as follows:

**I.   INTRODUCTION**

On June 12, 2020, the defendant was sentenced to a term of imprisonment of 80 months on his convictions for four counts of wire fraud, and a mandatory consecutive 24 months on his conviction for aggravated identity theft.

The sentence on the wire fraud convictions was based in part on the Court's determination that the "intended loss" for those counts was $324,000 and, therefore, a 12-level enhancement was warranted under § 2B1.1 of the Guidelines. After applying that enhancement, the Court, in the Tentative Findings, determined that the defendant's final offense level was 21, his criminal history category was IV, and his advisory sentencing range was 57-71 months for the wire fraud convictions. Prior to the sentencing date, the Court issued Supplemental Tentative Findings wherein the Court gave notice that it was considering an upward variance based on several of the 3553(a) factors, including the need to afford adequate deterrence, to protect the public from further crimes of the defendant and to promote respect for the law. At the sentencing hearing, the Court

1

varied upward from the advisory range and imposed the 80 month sentence on the wire fraud counts.

The United States Court of Appeals for the Third Circuit vacated the judgment of sentence and remanded the case so that the defendant could be resentenced without the intended loss enhancement under § 2B1.1 of the Guidelines. United States v. Banks, 55 F.4th 246 (3d Cir. 2022). In that opinion, the Court of Appeals emphasized the point that "intended loss" is a term that appears only in the commentary for § 2B1.1, whereas the language of that particular Guideline provision refers simply to "loss." After reviewing the recent holding of the Supreme Court in Kisor v. Wilkie, 139 S.Ct. 2400 (2019), the Court of Appeals in the instant case determined that, because the term "loss" is not ambiguous, the commentary which expands that term to include "intended loss" should be given no weight. Banks at 258. Accordingly, the Court of Appeals held that "Banks is thus entitled to be resentenced without the 12-point intended loss enhancement." Id.

## II.     THE GOVERNMENT'S POSITION AT RESENTENCING

After the case was remanded, the United States Probation Office filed the Second Supplemental Addendum. In light of the decision of the Court of Appeals, the United States Probation Office recalculated the defendant's offense level. The base offense level was designated as a 7 under § 2B1.1(a)(1), and two levels were added under § 3C1.1 based on the defendant's perjury during the trial. The final offense level is therefore 9, according to the United States Probation Office. The government agrees with those new calculations. The criminal history category of IV has been correctly determined and, therefore, the applicable range for the wire fraud convictions is 12-18 months. However, for the reasons set forth below, the Court

should vary upward and impose the same sentence of 80 months imprisonment for the wire fraud convictions.

### A. Applicable Legal Standards

The starting point for the imposition of an appropriate sentence is the mandate set forth in 18 U.S.C. § 3553(a), that the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." As set out in more detail below, when the Court considers the purposes set forth in § 3553(a)(2), in conjunction with the nature and circumstances of the offense and the history and characteristics of the defendant as directed by § 3553(a)(1), the Court should conclude that a sentence of 80 months on the wire fraud counts is the appropriate sentence.

"From the beginning of the Republic, federal judges were entrusted with wide sentencing discretion." Concepcion v. United States, 142 S.Ct. 2389, 2398 (2022). Sentencing courts have broad discretion to consider all relevant information at an initial sentencing hearing, and "[t]hat discretion also carries forward to later proceedings that may modify an original sentence." Id. As the Supreme Court observed in Gall v. United States, 128 S.Ct. 586 (2007):

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue: The uniqueness of the individual case, however, does not change the deferential abuse of discretion standard of review that applies to all sentencing decisions.

Gall at 598 (internal quotations omitted). It is also worth noting that, when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's intervening behavior to support an upward or downward variance at the resentencing. Pepper v. United States, 131 S.Ct. 1229, 1241, 1249 (2022); Concepcion at 2400.

B.  <u>An Upward Variance is Warranted and Would Not Be Substantively Unreasonable</u>

At the time of the original sentencing on June 12, 2020, the government's position was that the Court's Tentative Findings correctly calculated the advisory sentencing range. At the sentencing hearing, the government maintained that: "While we have not formally requested an upward variance or departure, we do believe that the record supports it for the reasons that the Court has already stated in its supplemental tentative findings, specifically the 3553(a) factors and particularly the nature of the offense and the history and characteristics of the defendant." Tr. at p. 57. For purposes of resentencing, the government's position is that the Court's original sentence of 80 months on the wire fraud counts was the appropriate sentence, and that the Court should again impose that sentence. The Court's review of the 3553(a) factors at the original sentencing hearing was both procedurally and substantively appropriate and a similar review of those factors as applicable to this case is warranted at resentencing. In addition, the government respectfully requests that the Court also sentence the defendant as he is at the time of resentencing, taking into account what he has been doing since the date of the original sentencing, pursuant to the Supreme Court's guidance in both <u>Concepcion</u> and <u>Pepper</u>, <u>supra</u>.

In light of the directive of the Court of Appeals, the 12-level intended loss enhancement will not be applied. The new resulting offense level of 9, however, simply does not adequately reflect the seriousness of the offense. Therefore, in order to achieve the appropriate sentence of 80 months on the wire fraud counts, which would be sufficient, but not greater than necessary, a substantial upward variance is warranted. A sentence is substantively reasonable unless no reasonable sentencing court would have imposed the same sentence on the particular defendant for the reasons the district court provided. <u>United States v. Tomko</u>, 562 F.3d

558, 568 (3d Cir. 2009). In the instant case, a sentence of 80 months based on a substantial upward variance would be a substantively reasonable sentence.

### 3553(a)(2)(A) The Need to Reflect the Seriousness of the Offense

At the outset, it is worth noting that the Court of Appeals in this case did <u>not</u> find that the 80 month sentence imposed by the District Court was greater than necessary to achieve the goals of sentencing. Indeed, the decision of the Court of Appeals to vacate the sentence was based entirely on the interpretation of terms contained in the text and commentary of Guideline § 2B1.1. Although that interpretation has resulted in a 12-level difference in the applicable offense level, it did not impact, in any way, the most relevant sentencing factors under § 3553(a). In particular, as to the need for the sentence to reflect the seriousness of the offense, there can be no dispute that the defendant must still be sentenced based on the fact that he attempted to defraud Forex out of $324,000 and that it was Forex's diligence, and not any mitigating factor attributable to the defendant, that prevented the fraud from succeeding.

There cannot be any serious dispute that the amount of the intended or attempted fraud should be considered. Obviously, as the amount of an attempted fraud increases, the seriousness of the offense should be deemed to increase under § 3553(a)(2)(A). In order to properly take into account the extent of the seriousness of the offense, the government submits that it would be reasonable for the Court to look to the table in § 2B1.1(b) and use that table as a guide to consider whether a variance from the applicable range is warranted. While the Court of Appeals held that Mr. Banks is entitled to be resentenced without the 12-level intended loss enhancement, the Court did not suggest in any way that an upward variance based on the amount of the intended loss would be an abuse of discretion. Accordingly, the government requests that the Court vary upward by 12 levels on this basis so that the final offense level is again 21.

In <u>United States v. Wright</u>, 642 F.3d 148 (3d Cir. 2011), the Court recognized the propriety of an upward variance in an "intended loss" case involving a counterfeit currency scam. In <u>Wright</u>, the defendants had attempted to defraud a victim and two undercover Secret Service Agents by offering for sale some construction paper items which, according to the defendants, could be treated with a chemical solution that would thereafter make the items appear to be legitimate United States currency. In their fraudulent demonstrations involving the chemical solutions, the defendants used and revealed four legitimate $100 bills and represented that the remaining paper items were more of such items, amounting to $200,000. In fact, the paper items were merely construction paper. The defendants then offered the paper items for sale for $100,000.

The applicable counterfeit currency Guideline in the <u>Wright</u> case was § 2B5.1(b)(1), which had a base offense level of 9. Subsection 2B5.1(b)(1) instructed that the offense level should be increased according to the table in § 2B1.1 "if the face value of the counterfeit items exceeded $5,000." At the sentencing, the district court "concluded that because the intended loss for Wright's scheme was $100,000, it should increase the offense level by 8, the number indicated in the 2B1.1 table for values greater than $70,000 and less than or equal to $120,000." <u>Wright</u> at 153.

On appeal, Wright argued that the sentencing court had committed procedural error because § 2B5.1(b)(1) sets forth an enhancement based only on the face value of the items and not on the amount of the intended loss. The Court of Appeals in <u>Wright</u> agreed and, therefore, vacated the judgment and remanded for resentencing. In doing so, the Court of Appeals pointed out that, "the primary harm in a scheme of the sort at issue here is the amount sought by the fraud," not the nominal value of the currency defaced [the four $100 bills] to perpetrate the fraud. Thus, by

6

focusing on the value of the defaced currency, § 2B5.1 does not address the gravamen of the harm, as the District Court quite rightly pointed out." Id. At 153-54. The Court then stated that an upward variance would be justified "under § 3553(a)(2)(A) to reflect the seriousness of the offense," and the sentencing court might have legitimately reached the imposed sentence or a similar one through that mechanism. Id. At 154.

The rationale of the Court of Appeals in Wright regarding the propriety of an upward variance is persuasive and is on point with the circumstances of the case at bar. The primary harm was the amount sought by the fraud, and the sentence to be imposed must appropriately address the seriousness of the offense. See also, United States v. Caban, 573 Fed. Appx. 172 (upward variance granted where intended loss was much higher than what the defendant was able to obtain and defendant had long record of committing similar crimes.)

With respect to the history and characteristics of the defendant, the Court's review of the defendant's criminal history at the original sentencing was a proper characterization of the defendant as a life-long and prolific fraudster who likely would not change his ways. The Court's statements in this regard were prescient, indeed. Since being released from prison, the defendant has failed to comply with the conditions of supervision and has engaged in more fraudulent schemes. At the resentencing hearing, the government will introduce evidence of some of the recent fraudulent acts in support of the government's request for an additional 2-level upward variance based on §§ 3553(a)(2)(B) and 3553(a)(2)(C).

### III. CONCLUSION

Based on the foregoing, the Court's original sentence was sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a). In order to reflect

the seriousness of these offenses, promote respect for the law, afford adequate deterrence, and protect the public from the defendant, upward variances under §§ 3553(a)(2)(A), 3553(a)(2)(B) and 3553(a)(2)(C) are warranted.   The sentence of 80 months imprisonment for the wire fraud counts should be imposed again.

          Respectfully submitted,

          TROY RIVETTI
          Acting United States Attorney

          *s/ Shaun E. Sweeney*
          SHAUN E. SWEENEY
          Assistant U.S. Attorney
          PA ID No. 53568