IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.                                                                    Criminal No. 15-168

FREDERICK BANKS,
Defendant.

## MEMORANDUM IN AID OF SENTENCING

AND NOW, comes Robert Staley Carey, Jr., attorney for Defendant, Frederick Banks, filing this Memorandum in Aid of Sentencing and states the following:

**Relevant Procedure**

1. By Indictment dated January 12, 2016, Frederick Banks ("Defendant") was charged at Criminal No. 15-168 with stalking, wire fraud, aggravated identity theft and making false statements.  ***See Document # 96.***

2. The case proceeded to a jury trial.

3. The panel found the Defendant guilty of four counts of wire fraud and one count of identity theft.

4. In an Amended Judgment in a Criminal Case dated June 19, 2020, the Honorable Mark R. Hornak sentenced the Defendant to a term of imprisonment of 80 months at counts two through five and a consecutive term of imprisonment of 24 months at count six.  The aggregate period of confinement imposed was a period of 104 months.  ***See Document # 1294.***

5. The Defendant filed an appeal challenging the guideline calculations.

6. In a November 30, 2022, Opinion, the Third Circuit held that the Defendant was entitled to be resentenced without the 12-point intended loss enhancement in Section 2B1.1. *See Document # 1583-2.*

7. By Order dated February 14, 2023, Judge Hornak ordered the United States Probation Office to prepare an Addendum to the Presentence Investigation Report and ordered the parties to file sentencing memoranda. *See Document # 1587.*

8. On March 7, 2023, the Addendum to Presentence Investigation Report was filed. *See Document # 1592.*

**Guideline Calculations**

<u>March 12, 2020 PSR</u>

**Offense Level Computation**

19. The 2018 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level. USSG §1B1.11.

20. In accordance with USSG §3D1.2, all counts involving substantially the same harm shall be grouped together in a single group. Counts Two through Five are grouped pursuant to USSG §3D1.2(d) because the offense level is determined largely on the basis of the total amount of aggregate harm or loss.

<u>**Counts 2-5**</u>: Wire Fraud

21. **Base Offense Level:** The guideline for 18 U.S.C. § 1343 offenses is found in USSG §2B1.1 of the guidelines. Because the defendant was convicted of an offense referenced to this guideline and that offense of conviction has a statutory maximum term of imprisonment of 20 years or more, the base offense level is 7. USSG §2B1.1(a)(1). **<u>7</u>**

22. **Specific Offense Characteristics:** The attempted loss, based on the defendant's fraudulent deposits, is $324,000. Therefore, the base offense level is increased by 12 because the attempted loss was greater than $250,000, but less than $550,000. USSG §2B1.1(b)(1)(G) (As a general rule, loss is the greater of actual loss or intended loss, pursuant to Application Note 3). **<u>+12</u>**

23. **Victim Related Adjustment:** None.                                                    **0**

24. **Adjustment for Role in the Offense:** None.                                           **0**

25. **Adjustment for Obstruction of Justice:** None.                                        **0**

26. **Adjusted Offense Level (Subtotal):**                                                  **19**

27. **Chapter Four Enhancement:** None.                                                     **0**

28. **Acceptance of Responsibility:** As of completion of the presentence investigation, the defendant has not clearly demonstrated acceptance of responsibility for the
    offense. USSG §3E1.1.                                                                   **0**

29. **Total Offense Level:**                                                                **19**

    <u>**Count 6**</u>**: Aggravated Identity Theft**

30. The guideline for this 1028A(a)(1) offense is USSG 2B1.6, which directs that the guideline sentence is the term of imprisonment required by statute. In this instance, the term of imprisonment required by statute is 2 years consecutive to any other term of imprisonment imposed. Additionally, Chapters Three and Four are not applied to this offense. See also USSG §3D1.1(b)(2). ***See Document # 1207, paragraphs 19-30, at 7-8.*** Based on a total offense level of 19 and a criminal history category of IV, the March 12,

    2020, PSR identified a guideline imprisonment range of 46 to 57 months. Count six provided

    for a mandatory two year consecutive term of imprisonment. ***See PSR, paragraph 72, at 1207.***

    <u>March 7, 2023 Addendum to PSR</u>

<u>**Counts 2-5**</u>: **Wire Fraud**

19. **Base Offense Level:** The guideline for 18 U.S.C. § 1343 offenses is found in USSG §2B1.1 of the guidelines. Because the defendant was convicted of an offense referenced to this guideline and that offense of conviction has a statutory maximum term of imprisonment of 20 years or more, the base offense level is 7. USSG§2B1.1(a)(1).                                                **7**

20. **Specific Offense Characteristics:** None.                                             **0**

21. **Victim Related Adjustment:** None.                                                    **0**

22. **Adjustment for Role in the Offense:** None.                                           **0**

23. **Adjustment for Obstruction of Justice:** At the defendant's prior sentencing on June 12, 2020, the Court applied a 2-level increase for Obstruction of Justice because the Court concluded that the defendant committed perjury

|     |     |     |
| --- | --- | --- |
|     | during his testimony at the jury trial in this case.  USSG §3C1.1.  **+2** | |
| 24. | **Adjusted Offense Level (Subtotal):** | **9** |
| 25. | **Chapter Four Enhancement:** None. | **0** |
| 26. | **Acceptance of Responsibility:** As of the completion of the presentence investigation, the defendant has not clearly demonstrated acceptance of responsibility for the offense.  USSG §3E1.1.  **0** | |
| 27. | **Total Offense Level:** | **9** |

**Count 6: Aggravated Identity Theft**

31. The guideline for this 18 U.S.C. § 1028A(a)(1) offense is USSG §2B1.6, which directs that the guideline sentence is the term of imprisonment required by statute.  In this instance, the term of imprisonment required by statute is 2 years consecutive to any other term of imprisonment imposed.  Additionally, Chapters Three and Four are not applied to this offense.  See also USSG §3D1.1(b)(2).

Based upon a total offense level of 9 and a criminal history category of IV, the March 7, 2023, Addendum to PSR identified a guideline imprisonment range of 12 to 18 months.  Count 6 remains unchanged, calling for a consecutive 2-year period of incarceration.  ***See Document 1592, paragraph 72, at 3.***

**Discussion**

The impact of the twelve-point Section 2B1.1(b)(1)(G) enhancement is clear.  Fred Banks over served his sentence.  Incorporating the Section 2B1.1(b)(1)(G) adjustment, the March 12, 2020, PSR identified a guideline imprisonment range for counts 2 through 5 of 46 to 57 months.  The 80-month sentence imposed at these counts included a variance above the guideline range.  The sentence imposed was 23 months above the top of the applicable guideline range.  Mathematically, the 23-month upward variance amounted to a period of incarceration that was one half of the bottom of the imprisonment range identified by the guidelines.

The Third Circuit determined that Section 2B1.1(b)(1)(G) enhancement did not apply.  In compliance with the Third Circuit Opinion, the Addendum to the PSR calculated the guidelines

without the loss enhancement. Without Section 2B1.1(b)(G), the Probation Office identified a guideline imprisonment range of 12 to 18 months for the offenses at counts 2 through 5. Applying the same upward variance that the Court previously imposed, one half of the bottom of the imprisonment range, the correct penalty at counts 2 through 5 would be 24 months. Relying on the original sentencing scheme for counts 2 through 5 and adding the two-year consecutive mandatory at count 6, the aggregate period of incarceration resulting from the Amended PSR is 48 months.

Frederick Banks over served his sentence. The Addendum to the PSR leads to a 48-month period of incarceration, less than half of the 104 month penalty imposed in June 2020. A temporary order of detention was entered on August 7, 2015. **See Document # 9.** According to the BOP inmate locator, Mr. Banks was released on July 1, 2022. Mr. Banks served nearly 7 years in BOP custody on this case. Three years in excess of the correct guideline imprisonment range.

The Third Circuit has recognized that when a District Court resentences a defendant to a period less than the period served in prison on the original sentence, the defendant may receive credit against the supervised release period for the excess time served in prison. ***United States v. Wright, 642 F.3d 148, 155 footnote 7 (3rd Cir. 2011); citing United States v. Cottman, 142 F.3d 160, 165 (3d Cir. 1998)(holding that a sentencing appeal was not mooted by prisoner's release because if "the appropriate sentencing range [was] reduced…[it] would likely merit a credit against [the prisoner's] period of supervised release for the excess period of imprisonment").*** It is established that a District Court could credit a prisoner with the time served in prison exceeding a lawful sentence and reduce the length of supervised release by that amount. ***United States v. Doe, 810 F.3d 132, 143 (3rd Cir. 2015).*** Additionally, the Third Circuit has held that

Federal Rule of Criminal Procedure 35(b) authorizes a district court to reduce a statutorily mandated term of supervised release.  *Id.*

Incorporating the prohibited loss adjustment produced a sentence of 104 months.  The initial sentence resulted in a prison term that was roughly one month shy of a full seven years.  The Amended PSR, without the loss adjustment, suggests a 48 month sentence.  As the prison sentence served exceeds the sentence that would be imposed pursuant to the amended guideline calculation, the Defendant respectfully requests that Your Honor terminate the present period of supervised release.  Alternatively, as the prison sentence served exceeds the sentence that would be imposed pursuant to the amended guideline calculation by approximately three years, the Defendant respectfully requests that Your Honor award a three year period of credit towards the period of supervised release.

Other factors support a termination or reduction of supervised release. 18 USCA §3632(C) reads as follows, "Application of time credits toward prerelease custody or supervised release.--Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." In prior pleadings, Mr. Banks advocated for application of his FSA credits to his supervised release term.  In the context of this resentencing ordered by the Third Circuit, the Defendant requests a variance to account for unused time credit.  The defense submits that Section 3632(C) requires termination of supervised release or, in the alterative, a reduction.

Finally, Mr. Banks demands an award of monetary compensation to account for the period of incarceration that he served in excess of the applicable guideline imprisonment range. Mr. Banks is entitled to compensation at the rate of his average annual salary.

**Conclusion**

For the reasons stated herein, the Defendant submits that the appropriate penalty in this case is an aggregate period of incarceration of 48 months. Given that the Defendant served nearly seven years in the custody of the BOP, the defense respectfully requests that the present period of supervised release be terminated, or alternatively reduced by the excess period of time the Defendant served in prison. Additionally, the Defendant requests a variance to account for outstanding, unapplied earned time credits. Finally, Mr. Banks demands the award of monetary compensation.

Respectfully submitted,

s/ Robert Carey
Robert S. Carey, Jr.
Attorney for Frederick Banks