| 02/2020 | Supervised Release Revocation Violation Worksheet | | | |
|---|---|---|---|---|
| U.S. vs. | Frederick H. Banks | Docket No. | | 2:15CR00168-1 MRH |
| | U.S. District Court, Western District of Pennsylvania | | | |

| Violation(s) | Grade |
|---|---|
| **Violation Number 1**<br>Mandatory Condition #1: You must not commit another federal, state or local crime.<br>USSG §7B1.1(a)(2) | B |
| **Nature of Noncompliance**<br><br>On August 26, 2022, the Allegheny County Sherriff's Office charged the defendant at OTN G 915729-5 with Forgery (F3), Perjury (F3), Falsely Impersonating Persons Privately Employed (M2), False Swearing (M2) and Barratry (M3). This matter is currently scheduled for Jury Trial on October 16, 2023, before Judge Beth Lazzara. | |
| **Violation Number 2**<br>Mandatory Condition #1: You must not commit another federal, state or local crime.<br><br>USSG §7B1.1(a)(2) | B |
| **Nature of Noncompliance**<br><br>The probation office became aware that Mr. Banks filed numerous involuntary bankruptcy filings in multiple jurisdictions, on or about December 27, 2022, against three Allegheny County Officials who were involved in his arrest, prosecution, and related competency hearings from his August 26, 2022, arrest.  Although no current charges related to this behavior are pending, this conduct is believed to violate numerous federal laws, including 18 U.S.C §1001-submitting a false document to a federal entity, 18 U.S.C §152(3)-false declaration, 18 U.S.C §157(3)-bankruptcy fraud scheme, 18 U.S.C §1343-mail fraud, and 18 U.S.C §1503-Obstruction of Justice. | |
| **Violation Number 3**<br><br>Standard Condition #4: Defendant must answer truthfully the questions asked by your probation officer.<br>USSG §7B1.1(a)(3) | C |
| Standard Condition #5: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.<br>USSG §7B1.1(a)(3) | |
| **Nature of Noncompliance**<br><br>Mr. Banks reports that he is currently residing in a storage unit, STOREexpress in the Southside, and is allowed to reside at this establishment.  This officer spoke with staff at STOREexpress who report persons are not permitted to reside on this property and that it is for storage only | |
| **Violation Number 4** | C |

| | |
|---|---|
| Special Condition #22: The defendant shall provide U.S. Probation with accurate information about his entire computer system (hardware/software) and other electronic communication or data storage devices or media to include all password(s) and username(s) used and the name of the internet service provider(s). The defendant shall also abide by the then-current Computer Restrictions and Monitoring Program approved by the Court.<br><br>USSG §7B1.1(a)(3) | |
| Special Condition #23: Defendant is permitted to possess and/or use a computer and is allowed to access the internet. However, the defendant is not permitted to use a computer, or other electronic communication or data storage devices, including a cell phone, to engage in financial transactions in any single mount in excess of $500 (or cumulatively within any 7-day period in excess of $100 without approval of the probation office.<br><br>USSG §7B1.1(a)(3) | C |
| **Nature of Noncompliance**<br><br>Mr. Banks reported that he does not have any electronic devices capable of using the internet and uses a public library when the internet is needed.  He was advised on August 15, 2022, that all internet use must be monitored. He filed several motions in state and federal court, as well as sent an email to law enforcement in Allegheny County attempting to solicit money.<br><br>In addition, Mr. Banks also purchased a 2014 BMW I3 online in Ohio, while on supervision. The vehicle purchase and financing, through Allied Financial in the amount of $24,256.55, and was conducted online.  He did not request approval to purchase this vehicle and continues to deny any internet capable devices. | |

| | | |
|---|---|---|
| Most Serious Grade of Violation [USSG §7B1.1(b)] | | B |
| Criminal History Category [USSG §7B1.4(a)] | | IV |
| Term of Imprisonment Imposed on Prior Revocation(s) | | N/A |
| Statutory Maximum Imprisonment [18 U.S.C. § 3583(e)(3)] | | 24 months<br>Cts.- 2-5<br>12 months<br>Ct. 6 |
| Guideline Range of Imprisonment | USSG §7B1.4 | 12-18 months |

| |
|---|
| Range of Supervised Release |
| Under provisions of 18 U.S.C. § 3583(h), as modified by the Protect Act, reimposition of supervised release is permissible regardless of whether the Court has imposed the maximum allowable revocation prison term under 18 U.S.C. § 3583(e); however, the period of supervised release may not exceed the statutory maximum term of supervised release less the total terms of imprisonment that the court has imposed on revocations.  To determine the permissible length of a new term of supervised release, subtract the aggregate of all revocation prison terms imposed from the maximum authorized term of supervised release for the original offense.<br>Class C Felony – 36 months<br>Class E Felony – 12 months |
| Departure information:  At the time of sentencing, the Court found a basis for either a departure or a variance from the sentencing range. |

Frederick H. Banks
2:15CR00168-1 MRH

3

| Respectfully submitted, | Approved, |
|---|---|
| by _____ | by _____ |
| Brett Schlegel | Nick Capaccio |
| U.S. Probation Officer | Supervising U.S. Probation Officer |