IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:15-cr-00168 |
| | ) | |
| FREDERICK H. BANKS, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER REGARDING MOTION TO WITHDRAW AS COUNSEL (ECF No. 1625), DEFENDANT'S ORAL MOTION TO WAIVE COUNSEL AND ENGAGE IN SELF-REPRESENTATION, AND AS TO OTHER MATTERS

The Court convened a hearing on June 8, 2023 to consider defense counsel's Motion to Withdraw (ECF No. 1625) in the presence of the Defendant. At that hearing, the Defendant (under oath) at first asked that defense counsel, Mr. Carey, be removed as his counsel, and that successor CJA defense counsel be appointed by the Court. The Court advised the Defendant that since the records already then before the Court indicated that the Defendant had substantial assets, as he had received a mortgage for real property in the amount of $168,000, and had purchased a used BMW for the price of more than $23,000, the Defendant would have to complete a current Financial Affidavit (CJA-23) to demonstrate his current eligibility for appointed counsel.

The Defendant then abruptly switched gears, and stated that he desired to waive counsel and represent himself. The Court then conducted most of the Third Circuit's *Peppers* extensive colloquy when near the end of that exchange, the Defendant out of the blue stated that he felt coerced into waiving the right to counsel, without specifying by who or how. The Court confirmed that position with the Defendant, and as a result, stated that it would not and could not, at least at

that point, accept any waiver of counsel, given the Defendant's statement of feeling threatened as to such matters.

The Court then ordered the Defendant and Mr. Carey to complete and submit a current and complete CJA-23 Financial Affidavit. The Defendant has via Mr. Carey submitted a handwritten form bearing an illegible signature, with the elements of that form also being wholly illegible. Counsel submitted a typewritten version of at least parts of the handwritten form, but it bears no signature. Both versions reflected assets matching in value the amounts set out above (which were in the public record prior to the June 8, 2023 hearing), along with current employment of the Defendant (compensation "unknown").

Based on all of the above, the Court cannot and will not at this point grant the Defendant's oral request at the June 8, 2023 hearing to waive his right to counsel. Based on Defendant's statements to the Court, any waiver of counsel is at this point not voluntary. The Court will hold in abeyance the Motion of Mr. Carey to withdraw, given the unsettled state of affairs as noted above. Further, if the Defendant desires appointed counsel, either a new lawyer, or even Mr. Carey, in light of his statements to the Court that he has substantial assets and has employment, he has to submit a fully legible affidavit of eligibility, legibly signed by the Defendant personally, fully disclosing all financial matters, and must do so by June 27, 2023. Should Defendant refuse or otherwise fail to do so, the Court may strike Mr. Carey's appointment as CJA counsel, and decline to appoint new counsel, and Defendant may need to retain counsel.

Further, the Court would note that the Defendant has confirmed on the record that he has filed a state Bar disciplinary complaint against Mr. Carey, and Mr. Carey has cited such as a basis to withdraw. That result may obtain (the Court noting that no defendant may not force removal

2

of counsel with an unfounded Bar Complaint), but until the above filing by the Defendant is resolved, the Court will defer ruling on Mr. Carey's Motion. The Court also advises the Defendant that none of this will limit the Court in taking action that may be appropriate as to the Defendant's compliance with conditions of supervised release.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Mark R. Hornak
　　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge

Dated: June 15, 2023