IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | 2:15-cr-00168 |
| | ) | |
| FREDERICK H. BANKS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER RESOLVING
CERTAIN MOTIONS AND SETTING HEARING ON
PETITIONS FOR REVOCATION OF SUPERVISED RELEASE**

Pending before the Court are Petitions filed by the United States Probation Office requesting that, upon hearing, the Court revoke the Defendant's term of supervised release and thereafter impose an appropriate sentence upon such revocation.

On November 30, 2022, by judgment entered by the United States Court of Appeals for the Third Circuit, the Amended Judgement of Sentence imposed by this Court as to the Defendant was affirmed in part, reversed in part, and the matter remanded to this Court for resentencing of the Defendant. (ECF No. 1579). The Mandate of the Court of Appeals as to such Judgment of that Court issued on February 8, 2023. (ECF Nos. 1582, 1583).

On February 9, 2023, this Court appointed Robert Carey as CJA counsel for the Defendant in this Court. (ECF Nos. 1584, 1589).

On February 15, 2023, this Court entered an Order confirming the conditions of supervision to which the Defendant was bound at the time of his original sentencing and further ordering that, to the extent the status of such conditions of supervision was impacted by the Judgment or Mandate

of the Court of Appeals in this case, each and every condition of supervision previously imposed became a condition of pre-sentencing bond (bond pending resentencing). (ECF No. 1588).

On April 21, 2023, the Probation Office filed a Petition seeking the revocation of the Defendant's supervision based on his alleged violation of conditions of supervision resulting from his being charged with state law crimes on August 26, 2022, the filing of fraudulent and unauthorized bankruptcy petitions, and his alleged violations of the conditions of supervision regarding the Defendant's residence and use of a computer for prohibited purposes. (ECF No. 1600).

On April 25, 2023, the Defendant was resentenced by this Court. (ECF No. 1610). The Amended Sentencing Judgment reflecting the sentence imposed issued on May 2, 2023. (ECF No. 1613). Testimony was received into the record that related to sentencing matters and to the Defendant's alleged supervision violations.

On May 17, 2023, the Court caused a Summons to issue to the Defendant for a hearing relative to the then-pending revocation Petition. (ECF No. 1620). On May 25, 2023, Defendant's counsel moved to withdraw his appearance. (ECF No. 1625).

On May 31, 2023, the Probation Office filed a Supplemental Petition requesting the revocation of the Defendant's supervision on the basis that the Defendant had violated conditions of supervision related to his use of a computer and opening credit accounts without authorization. (ECF No. 1627).

A hearing was held on defense counsel's Motion to Withdraw Appearance on June 8, 2023. (ECF No. 1636). Information received into the record at that hearing revealed that the Defendant had acquired substantial assets on credit, including a single-family residence and an automobile of

considerable monetary value. In light of these changes in the Defendant's financial circumstances, the Court directed that counsel for the Defendant work with the Defendant and file a current and accurate CJA financial affidavit. The form prepared by the Defendant, while apparently signed by the Defendant, was otherwise fundamentally illegible, but nonetheless did clearly show hundreds of thousands of dollars in assets. Defense counsel prepared a typewritten version of that affidavit, but the Defendant has not signed that affidavit. (ECF Nos. 1639-1, 1639-2). The Court, by Order, deferred ruling on the Motion to Withdraw Appearance. (ECF No. 1640).

On October 18, 2023, the Defendant filed an uncounseled Motion for Early Termination of Supervision, (ECF No. 1645). The Court notes that the current term of supervised release was imposed at the time of resentencing on April 25, 2023, so as to any term of supervision first imposed on that date, such Motion is statutorily premature, as one year has not elapsed since its imposition. 18 U.S.C. § 3583(e)(1) (requiring that a year of supervision pass before a court may consider a petition to terminate a term of supervised release).

On October 25, 2023, the Probation Office filed a Second Supplemental Petition for revocation of the Defendant's supervision, alleging his violation of conditions of supervision relative to the provision of complete and truthful information to the supervising Officer as to his residence, his employment, and other things. (ECF No. 1647). A further hearing is requested.

In consideration of the matters set forth above, the Court ORDERS as follows:

1. The financial affidavits for CJA appointment of counsel filed under seal at ECF No. 1624 will not be considered for purposes of appointing new counsel for Defendant. The handwritten version submitted by the Defendant is fundamentally illegible, although it is signed by the Defendant, and plainly reveals that the Defendant reports that he holds substantial assets,

including a single-family home and an automobile. The typewritten version also shows those substantial assets but is unsigned. In any event, as permitted by the applicable CJA regulations, such will not impair the appointment of current counsel, Mr. Carey. 18 U.S.C. § 3006A(c) ("If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, if may terminate the appointment of counsel or authorize payment… as the interest of justice may dictate."). However, the Court hereby modifies its prior Order of Appointment of Counsel to provide that, based on the assets the Defendant has acquired and reported, he may be required to reimburse the United States Treasury for CJA funds expended on or after the earliest date of his acquisition of the assets noted above. 18 U.S.C. §§ 3006(A)(c), (f); *United States v. Konrad*, 730 F. 3d 343, 352 (3d Cir. 2013); *United States v. Stevenson*, No. 10-120, 2012 WL 1038832, at *3 (W.D. Pa. Mar. 28, 2012).

    2.    Mr. Carey's Motion to Withdraw, ECF No. 1625, is DENIED without prejudice. The only grounds stated are that the Defendant wants Mr. Carey to withdraw, impairing communications. The bare record advanced to the Court to date does not support withdrawal on that basis, as it does not reflect that effective communications cannot occur were the Defendant cooperative in doing so or that the relationship between the Defendant and counsel are irreparable broken.

    3.    The Court hereby sets a hearing as to all Petitions and Supplemental Petitions that may be pending as of the date of such hearing, including but not limited to those petitions at ECF Nos. 1600, 1627 and 1647, and notice is given that the Defendant's term of supervision is subject to revocation at that time, followed by imposition of a revocation sentence if supervision is

revoked, all at such hearing. That hearing is set for November 30, 2023, at 1:30 PM in Courtroom 6A, 6th Floor, Joseph F. Weis, Jr. United States Courthouse, 700 Grant Street, Pittsburgh, PA 15219. The Defendant shall appear in person, as shall his counsel. Further, to the extent that any party will request that the Court consider and rely upon any testimony offered at a prior hearing in this matter, such party shall obtain a transcript of such testimony and cause it to be placed upon the docket not later than five (5) days prior to the hearing set by this Order.

4. The Defendant's *pro se* Motion for Early Termination of Supervision, ECF No. 1645 is DENIED without prejudice as premature, and separately if it is not premature, it is DENIED on the basis that the matters set forth therein would be substantially obviated by any finding adverse to the Defendant relative to the pending Petitions for Revocation. Should revocation not occur, the Defendant may file an Amended such Motion.

SO ORDERED.

s/ Mark. R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated:   October 26, 2023

cc:   All counsel of record